UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

GLOBAL TRADE AND SERVICE, INC.

     *Plaintiff*,

     v.

UNITED STATES DEPARTMENT OF THE
TREASURY, OFFICE OF FOREIGN ASSETS
CONTROL,

     *Defendant*.

Case No.:

**COMPLAINT**

Plaintiff Global Trade and Service, Inc. ("**GTS**" or "**Plaintiff**") by and through its undersigned counsel, hereby brings this action against the United States Department of the Treasury, Office of Foreign Assets Control ("**OFAC**" or "**Defendant**"), and alleges the following:

**SUMMARY OF THE ACTION**

1.     This action arises from OFAC's erroneous April 14, 2026 denial (the "**April 2026 Denial**"[1]) of GTS's application for a specific license authorizing the release of $606,462.12 in funds belonging to GTS that were blocked by GTS's bank, TD Bank, N.A. ("**TD Bank**").

2.     On March 31, 2022, a GTS customer based in Russia initiated an international transfer of $606,462.12 from its account at a Russian bank, Joint Stock Company Alfa-Bank ("**Alfa-Bank**"), to GTS's account at TD Bank. On the same day, the funds were received by an intermediary bank, JPMorgan Chase Bank, N.A. ("**Chase**"), and then transmitted to TD Bank.

3.     TD Bank placed the incoming transfer on hold pending an internal compliance review. On April 6, 2022—six days after TD Bank received the funds from Chase and before TD

---

[1] *See* April 14, 2026 Letter, Case No. RUSSIA-EO14024-2022-916364-1 (attached hereto as **Exhibit 1**).

Bank credited the transfer to GTS's account—OFAC designated Alfa-Bank as a Specially Designated National ("**SDN**") pursuant to Executive Order 14024, subjecting Alfa-Bank to full blocking sanctions.[2]  TD Bank thereafter blocked the transaction.

4.     After learning that the funds had been blocked, and following TD Bank's recommendation, GTS applied to OFAC on May 10, 2022 for a specific license pursuant to 31 C.F.R. § 501.801(b) to release and unblock its funds (the "**May 2022 Application**").[3]

5.     In the April 2026 Denial, OFAC erroneously determined that the funds were blocked property that involves Alfa-Bank's interest.  OFAC's determination is incorrect because, when Chase received the funds from Alfa-Bank on March 31, 2022, Alfa-Bank's interest in the funds was extinguished.  Likewise, when TD Bank received the funds from Chase later on the same day, Alfa-Bank had no interest in those funds.

6.     As demonstrated below, the April 2026 Denial was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

7.     The April 2026 Denial caused substantial economic harm to GTS, including the loss of the use and benefit of $606,462.12 for more than four years, reduced liquidity and working capital, disruption of business operations, lost business opportunities, and significant opportunity costs resulting from GTS's inability to utilize those funds in the ordinary course of its business.

8.     By this action, GTS seeks to set aside the April 2026 Denial, as well as related declaratory relief, in order to establish its lawful entitlement to the blocked funds, together with any interest or earnings accrued thereon during the period in which TD Bank withheld and maintained the funds as blocked property.

---

[2] Press Release, U.S. Dep't of the Treasury, *U.S. Treasury Escalates Sanctions on Russia for Its Atrocities in Ukraine* (Apr. 6, 2022), https://home.treasury.gov/news/press-releases/jy0705; *see also* Exec. Order No. 14024 § 1(a), 86 Fed. Reg. 20,249 (Apr. 19, 2021) (blocking authority).

[3] A true and accurate copy of GTS's May 2022 Application is attached hereto as **Exhibit 2**.

**PARTIES**

9.      GTS is a New York corporation with its principal place of business located at 1600 Sheepshead Bay Road, Suite 100, Brooklyn, New York 11235.

10.     OFAC is a government agency of the United States that maintains its address at 1500 Pennsylvania Avenue, NW, Washington, DC 20220.  OFAC is a federal agency within the meaning of 5 U.S.C. § 551(1) and is the proper defendant in this action for judicial review of its agency action under 5 U.S.C. § 702.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act ("**APA**").  The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.  The APA waives sovereign immunity for the non-monetary and specific relief sought herein. See 5 U.S.C. § 702.

12.     The Court has personal jurisdiction over OFAC because it resides in this District and because Plaintiff's claims arise from OFAC's conduct in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because Defendant OFAC resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**STANDING**

14.     GTS has standing to bring this action under the APA because it is a "person" within the meaning of 5 U.S.C. § 551(2) that has been "adversely affected or aggrieved by agency action within the meaning of a relevant statute."

15.    As a direct result of the April 2026 Denial, GTS has suffered a concrete and particularized injury-in-fact, namely, the continued deprivation of $606,462.12 in lawfully earned revenue, which is fairly traceable to OFAC's final agency action and would be redressed by a favorable decision of this Court.  GTS has also suffered additional substantial business losses and harm, which are continuing because of OFAC's arbitrary, capricious and otherwise unauthorized decision to reject the May 2022 Application.

## TIMELINESS AND EXHAUSTION OF REMEDIES

16.    GTS has exhausted all required administrative remedies.  OFAC's denial of GTS's specific license application constitutes "final agency action" within the meaning of 5 U.S.C. § 704 because it marked the consummation of OFAC's decision-making process with respect to that application and determined GTS's rights with respect to the blocked funds.  Although GTS may request that OFAC reconsider its denial, no mandatory administrative appeal process exists.

17.    The April 2026 Denial was issued recently on April 14, 2026.  This action is timely because it challenges this final agency action, and has been commenced well within the applicable six-year statute of limitations.  *See* 28 U.S.C. § 2401(a).

18.    Judicial review of the April 2026 Denial must be based upon the complete administrative record that was before the agency at the time of its decision.  Upon information and belief, the administrative record includes, among other things, the May 2022 Application, responses to additional requests for information, communications between OFAC and other governmental entities concerning the application, internal agency analyses relied upon by the decisionmaker, and all other materials directly or indirectly considered in connection with the April 2026 Denial.

4

## FACTUAL ALLEGATIONS

**Plaintiff's Business**

19.     GTS sources, distributes, and exports consumer lubricants and petrochemical products.  As a trading company, GTS depends upon the timely receipt of customer payments to maintain liquidity and fund ongoing operations.

20.     GTS, as part of its business operations, supplies lubricants and petrochemical products to Lubri Group LLC ("**Lubri Group**"), an international supply chain and trading company based in Moscow, Russia, specializing in the wholesale of consumer lubricants and petrochemicals in the Russian Federation.

21.     At all relevant times, GTS maintained a TD Bank account at TD Bank's branch located at 2700 Coney Island Avenue, Brooklyn, New York 11235.

**TD Bank Places a Hold on The Transaction**

22.     On March 31, 2022, GTS's customer, Lubri Group, initiated a wire transfer of U.S. dollars in the amount of $606,462.12 from its account at Alfa-Bank to GTS's U.S. account at TD Bank.  The payment was made in consideration of GTS's sale and export of certain oil lubricant products to Lubri Group.  At all relevant times, Lubri Group was not designated on OFAC's sanctions lists, and the underlying transaction involved goods that were not subject to U.S. export control restrictions.

23.     The March 31, 2022 transfer of $606,462.12 was initially routed to a U.S. intermediary institution, Chase.

24.     On the same day (March 31, 2022), Chase transmitted the entire $606,462.12 to GTS's bank, TD Bank.  Chase maintains a robust sanctions-screening and compliance framework for processing international wire transfers.  Notably, Chase did not block or reject the transaction

before transmitting the funds to GTS's bank, TD Bank, and there is no record of OFAC later alleging or enforcing a sanctions violation against Chase for processing this specific transaction.

25.     TD Bank received payment of the full amount that same day.  However, TD Bank retained the entire $606,462.12 transfer without crediting the funds to GTS's account, placing the transaction on hold pending its internal compliance review.

**OFAC Designates Alfa-Bank, and TD Bank Blocks The Transaction**

26.     On April 6, 2022, OFAC designated Alfa-Bank as an SDN.  Prior to its designation as an SDN on April 6, 2022, Alfa-Bank was subject only to Directive 3 under Executive Order 14024, issued on February 24, 2022.  Directive 3 prohibited U.S. persons from engaging in transactions involving new debt of longer than 14 days' maturity or new equity issued by Alfa-Bank on or after March 26, 2022.[4]  The March 31, 2022 payment at issue did not involve any extension of credit, new debt, or new equity subject to Directive 3.

27.     Upon information and belief, on or about April 15, 2022, following its compliance review, TD Bank blocked the entire $606,462.12 transfer.

28.     Upon information and belief, TD Bank subsequently filed a blocking report with OFAC on April 23, 2022 concerning the transaction pursuant to OFAC regulations.[5]  GTS subsequently requested a copy of that report from both TD Bank and OFAC, but neither institution provided the report to GTS.

---

[4] Office of Foreign Assets Control, U.S. Dep't of the Treasury, *Directive 3 Under Executive Order 14024: Prohibitions Related to New Debt and Equity of Certain Russia-related Entities* ¶ 1 (Feb. 24, 2022), https://ofac.treasury.gov/media/918476/download?inline.

[5] *See* 31 C.F.R. § 501.603(b)(1) (requiring any U.S. person, including a financial institution that receives and blocks a payment or transfer, to file an initial report with OFAC within 10 business days from the date the property becomes blocked).

**GTS's License Application and OFAC's Denial**

29. On May 10, 2022, GTS submitted its May 2022 Application through OFAC's online portal, attaching the transaction parties' contract documents, relevant SWIFT communications, and invoices.

30. Over the course of OFAC's nearly four-year review of the May 2022 Application, OFAC sought additional information from GTS on only two occasions. GTS responded immediately each time, and OFAC never treated the application as incomplete. Specifically, on July 13, 2022, OFAC posed one follow-up substantive question—whether, if the funds were unblocked, the payment should be processed in accordance with the original wire transfer instructions—and cautioned that the case would be closed without action if GTS did not respond within ten business days. GTS responded that same day, confirming that the payment should be processed as originally instructed and stating that it stood ready to answer any further questions. OFAC promptly replied that this was "all the information needed at this time." OFAC's only other inquiry, raised on August 11, 2022, asked GTS to describe the actions its suppliers were taking in response to the nonpayment, to which GTS again responded the same day.[6]

31. At no point did OFAC advise GTS that its application was deficient or incomplete; to the contrary, in September 2023 OFAC confirmed that "[i]t doesn't appear that there is anything specific to [GTS's] case that is causing it to be held up," that the delay was "simply the backlog," and that OFAC "[did] not need any additional information at this time." Nor, at any point during its review, did OFAC identify or articulate any basis for its conclusion that Alfa-Bank held a cognizable interest in the blocked funds.

---

[6] A true and accurate copy of the pertinent correspondence between GTS and OFAC's Licensing Division is attached hereto as **Exhibit 3**.

32.     Approximately four years later, through the April 2026 Denial, OFAC denied the May 2022 Application.

33.     The April 2026 Denial stated that "TD Bank, National Association properly blocked [the] transfer pursuant to U.S. sanctions administered by OFAC," and that "the blocked funds transfer in question involves an interest of a sanctions target described in the Russian Harmful Foreign Activities Sanctions Regulations, 31 C.F.R. Part 587, and the Ukraine-/Russia-Related Sanctions Regulations, 31 C.F.R. Part 589; specifically, Joint Stock Company Alfa-Bank."

34.     The April 2026 Denial expressly recognized that the "value date" of the blocked transaction was March 31, 2022. *See* April 2026 Denial ¶ 1 at Exhibit 1.  OFAC was therefore aware that TD Bank had received the funds on March 31, 2022, before Alfa-Bank was designated as an SDN and first became subject to full blocking sanctions.  Notwithstanding that chronology, OFAC erroneously concluded that the March 31, 2022 payment involved a blocked interest of Alfa-Bank.

35.     However, contrary to OFAC's conclusion, while Alfa-Bank originated the $606,462.12 transfer, Alfa-Bank ownership interest in those funds ceased once Chase received the funds.  Likewise, by the time TD Bank later received the funds from Chase on March 31, 2022, Alfa-Bank's interest in the funds had already been extinguished.

36.     Thus, OFAC's assertion in the April 2026 Denial that the funds held by TD Bank were "*an interest of a sanctions target* [*i.e.*, Alfa-Bank]" was incorrect.  Alfa-Bank did not possess any interest in the $606,462.12 that was received by TD Bank on March 31, 2022.

37.     Accordingly, OFAC had no basis to deny the May 2022 Application.

## CLAIMS FOR RELIEF

## COUNT ONE

**Violation of the APA – Arbitrary, Capricious, and Contrary to Law (5 U.S.C. § 706(2)(A))**

38.    Plaintiff hereby incorporates by reference paragraphs 1 through 37 of this Complaint.

39.    OFAC's April 2026 Denial constitutes "final agency action" within the meaning of 5 U.S.C. § 704 because it marks the consummation of OFAC's decision-making process with respect to GTS's specific license application and determines GTS's rights and obligations with respect to the blocked funds.

40.    OFAC's April 2026 Denial is arbitrary, capricious, and contrary to law because, as of the critical transfer or "value date" Alfa-Bank's interest in the relevant funds was extinguished.

41.    Additionally, OFAC's determination is contrary to law because it effectively attributes blocking consequences to a transaction that was completed on March 31, 2022, before Alfa-Bank's designation.

## COUNT TWO

**Violation of the APA – In Excess of Statutory Authority (5 U.S.C. § 706(2)(C))**

42.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 of this Complaint.

43.    OFAC's authority to block extends only to property in which a designated person holds an interest. *See* Exec. Order No. 14024 § 1(a); IEEPA, 50 U.S.C. § 1702(a)(1)(B).  As explained herein, by the time TD Bank received the funds, Alfa-Bank's interest in the funds had been extinguished.

44.    Nor can TD Bank's pre-designation compliance hold supply a lawful basis for the block.  The April 2026 Denial was predicated solely on Alfa-Bank's April 6, 2022 designation, an event that post-dated completion of the transfer.    Whatever prompted TD Bank's earlier compliance review on March 31, 2022, it did not and could not have concerned Alfa-Bank's status as an SDN, which did not yet exist; and a discretionary compliance hold neither conferred any property interest on Alfa-Bank nor prevented completion of the transfer under U.C.C. § 4A-209(b)(2).  A pre-designation hold cannot be bootstrapped into a basis for blocking a completed transfer under a designation that came only afterward.

45.    Because no designated person held an interest in the funds when they were blocked, OFAC exceeded its statutory authority in determining the relevant funds were blocked property in its April 2026 Denial, when in fact no SDN possessed any interest in the funds at the time the transfer was completed.  The April 2026 Denial must therefore be set aside as "in excess of [OFAC's] statutory jurisdiction, authority, or limitations" under 5 U.S.C. § 706(2)(C).

**COUNT THREE**

**Declaratory Judgment (28 U.S.C. §§ 2201–2202)**

46.    Plaintiff hereby incorporates by reference paragraphs 1 through 45 of this Complaint.

47.    As set forth above, upon completion of a transfer of funds, title passes to the beneficiary's bank and any interest of the originator and the originator's bank is extinguished. Because TD Bank accepted and completed the transfer on March 31, 2022—six days before Alfa-Bank's April 6, 2022 designation—Alfa-Bank held no interest in the funds as of such date. Accordingly, pursuant to 28 U.S.C. §§ 2201–2202, GTS is entitled to a declaration that (1) Alfa-Bank has no cognizable property or other interest in the blocked funds, and (2) the funds, together

with any interest or earnings accrued thereon during the period in which TD Bank withheld and

maintained the funds as blocked property, are the property of GTS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

(1) Hold unlawful and set aside OFAC's April 2026 Denial as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, 5 U.S.C. § 706(2)(A);

(2) Hold unlawful and set aside the April 2026 Denial as in excess of OFAC's statutory jurisdiction, authority, and limitations, 5 U.S.C. § 706(2)(C);

(3) Declare, pursuant to 28 U.S.C. §§ 2201–2202, that that Alfa-Bank held no cognizable property or other interest in the blocked funds when it was designated on April 6, 2022, and the blocked funds, together with any interest or earnings accrued thereon during the period in which TD Bank withheld and maintained the funds as blocked property, are GTS's property;

(4) Order OFAC to authorize and effectuate the release of the $606,462.12, together with any interest or earnings accrued thereon during the period in which TD Bank withheld and maintained the funds as blocked property, to GTS;

(5) In the alternative to paragraph (4), remand to OFAC with instructions to reconsider the May 2022 Application consistent with the Court's opinion and to act within a time certain;

(6) Award Plaintiff its costs and reasonable attorneys' and expert fees to the extent recoverable under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

/s/ Andrew Astuno
Andrew J. Astuno (DC Bar No. 1028414)
Xintong Zhang (NY Bar No. 5668199)
*pro hac vice pending*
SEIDEN LAW LLP
1701 Pennsylvania Avenue NW, Suite 200,
Washington, DC 20006
Tel: (202) 248-5402
aastuno@seidenlaw.com
xzhang@seidenlaw.com

*Counsel for Plaintiff Global Trade and Service Inc.*

11